No. 1,995.

## ARMSTRONG *v.* THE STATE.

CRIMINAL LAW.—*Intoxicating Liquors.*— *Saloon.*— *Loitering.*— *Affidavit.*—That an affidavit, under the "Nicholson Law," making it an offense to allow a minor to loiter in a room where intoxicants are sold as a beverage, charges that defendant suffered the minor "to be" as well as "to loiter" in his saloon, does not render it vulnerable to a motion to quash for indefiniteness and uncertainty.

EVIDENCE.—*Criminal Law.*—*Saloon.*—*Loitering.*—The jury have a right to conclude that a minor was suffered to loiter within the meaning of the "Nicholson Law" forbidding the keepers of rooms where intoxicants are sold as a beverage to allow minors to loiter therein, from evidence that the minor named in the affidavit was suffered to remain in the room from fifteen to twenty minutes.

INSTRUCTIONS TO JURY.— *Criminal Law.*— *Saloon.*— *Loitering.*—An instruction in a prosecution, under the "Nicholson Law" for allowing a minor to loiter in a room where intoxicants are sold as a beverage, that if there was a loitering, the length of time during which it was permitted was immaterial, is not erroneous.

TRIAL.—*Evidence.*—*Remarks by the Court.*—*Credibility of Witness.* —A remark by the court in the presence of the jury in a criminal case upon admitting evidence of statements of a witness contradicting his testimony, that the evidence is admitted as bearing upon the credibility of the witness, does not constitute error.

From the Henry Circuit Court.

*Brown & Brown*, for appellant.

*W. A. Ketcham*, Attorney-General, and *F. E. Beach*, for State.

REINHARD, J.—This is a criminal prosecution under what is commonly known as the Nicholson Law. It was commenced before a justice of the peace where the following affidavit was filed against the appellant:

"State of Indiana, Henry County, *ss.:* Comes now Ulysses S. Cook, who being duly sworn says, that on

the 23d day of October, 1895, at Henry County, State of Indiana, one Pearl Armstrong was then and there a person engaged in the sale of spirituous, vinous, malt and other intoxicating liquors to be drunk as a beverage, in a certain room then and there situate, and did then and there unlawfully allow, suffer and permit one Leroy Cook, a person then and there under the age of twenty-one years, to loiter and be in and about said room where such intoxicating liquors were sold as aforesaid." In the Circuit Court the appellant moved to quash this affidavit, but his motion was overruled and this ruling is relied upon and assigned as error. The objection pointed out to the affidavit is that it is not sufficiently certain in charging that the appellant allowed the minor to loiter in the saloon or room where the liquors were sold. Appellant's counsel contend that because the affidavit charges that the appellant suffered the minor both "to loiter" and "to be" in the saloon where the liquors were sold, it is rendered so indefinite and so uncertain that it must go down before the motion to quash.

The section of the law upon which this affidavit is predicated reads as follows : "Section 5. Any person engaged in the sale of spirituous, vinous, malt liquors or any intoxicating liquors, to be drunk as a beverage, who shall allow, suffer or permit any person under the age of twenty-one years to loiter in the saloon or place of business where said person is engaged in the sale of spirituous, vinous, malt or other intoxicating liquors aforesaid, shall upon conviction thereof be fined in any sum not less than ten dollars nor more than one-hundred dollars, to which imprisonment in the county jail may be added, not exceeding ninety days." Acts 1895, page 250, section 5.

We think the affidavit substantially follows the lan-

Armstrong *v.* The State.

guage quoted, and is therefore sufficient. The charge that the minor was permitted "to be" there certainly does not contradict or neutralize the one that he was allowed to "loiter" there.

The fact that the appellant suffered and permitted the minor both "to loiter" and "to be" in the saloon cannot therefore weaken the charge or render it indefinite. The two things necessarily go together. If the minor loitered in the saloon he must have been there, and not in some other place, at the time, as is contended by the appellant. There was no error in overruling the motion to quash.

It is also contended that the court erred in overruling the motion for a new trial. Appellant's counsel insist that there is absolutely no evidence to sustain the charge of suffering to loiter. In this we think counsel are in error. At least one witness testified that the minor named in the affidavit was suffered to remain in the room from fifteen to twenty minutes, and there was evidence that he so remained without having any legitimate business requiring him to be there. From this we think the jury had a right to conclude that he was suffered to "loiter" there.

The court instructed the jury among other things that if the evidence showed beyond a reasonable doubt that the defendant allowed, suffered or permitted Leroy Cook to loiter in his saloon or place of business, and if the jury believed that the other averments of the affidavit were proved beyond a reasonable doubt, then the length of time during which Cook was permitted to loiter would not be material.

It is insisted that this instruction is erroneous because it undertook to tell the jury that in order to constitute loitering it does not make any difference how short a time the minor was permitted to remain in the room. We

do not so construe the instruction.    The court did not inform the jury in this charge what constituted loitering, but told them that if there was a loitering, the length of time during which it was permitted was immaterial. We see nothing improper about this instruction.    If the appellant desired the court to instruct the jury as to what constituted loitering, his counsel should have requested such an instruction at the hands of the court. This was not done.    The instruction is good as far as it goes and is not subject to the objection stated.

Appellant complains of a remark made by the court in the presence of the jury in ruling upon a question of the admissibility of some testimony of Leroy Cook, the minor mentioned in the affidavit.

The remark objected to is as follows:

"The objection is overruled upon the ground that this witness, Leroy Cook, has testified for the defendant in this case and has been given credit as a witness by the defendant; that this testimony is admitted for the purpose of showing a statement made immediately after this transaction, that he had no recollection of the occurrence testified to by him, for the purpose of going to his credit as a witness and his credibility."

Counsel for appellant insist that this statement of the court was calculated or had a tendency to prejudice the jury against the witness and also against the counsel for appellant.    We do not see how such a construction could be placed upon the statement of the court.    If it was a fact that Cook testified for the defendant and that he had made statements differing from those he was making in his testimony, it was proper for the court to rule as it did upon objection being made to such contradictory testimony.

These are all the errors discussed by counsel in their brief.    No attack is made upon the validity of the law

in question, and we are not even required to construe the same. We find no error in the record for which we feel authorized to reverse the judgment.

Judgment affirmed.

Filed March 10, 1896.