LAURENCE FORREST, APPELLEE, v. EMIL KOEHN ET AL., APPELLANTS.

FILED MARCH 4, 1916. No. 18569.

1. **Intoxicating Liquors:** LIABILITY OF SALOON-KEEPER. A licensed saloon-keeper is liable to one who becomes intoxicated by drinking liquors furnished by the saloon-keeper and, while in a state of intoxication, suffers injury.

2. **Instructions** examined and found free from error.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Willis E. Reed, Jack Koenigstein, T. J. Doyle* and *Charles G. McDonald,* for appellants.

*Allen & Dowling* and *Barnhart & Stewart,* contra.

MORRISSEY, C. J.

This action was brought against five saloon-keepers, and the sureties upon their respective bonds, to recover for personal injuries suffered by plaintiff while in a state of intoxication. The verdict went in favor of two of the saloon-keepers and their sureties and against the other saloon-keepers and their respective sureties. The defendants against whom there was verdict and judgment have appealed.

Plaintiff was 28 years of age and a common laborer earning from $2.50 to $3 a day. He became intoxicated, and, while in this condition, went upon the railroad tracks

and in some way which is not explained was drawn under a passing train. His left arm was so crushed and mangled that it became necessary to amputate the same. One of his feet was also crushed and three of his toes cut off. There is evidence indicating that he threw himself in front of the train with suicidal intent; but this, we think, is immaterial. If the liquor furnished by defendants caused the intoxication and overthrew his reason, defendants' liability would not be lessened because he sought to destroy himself.

One of the defendant sureties, by separate answer, denied liability because it was also surety on the bond of another saloon-keeper and a judgment of $5,000 had been entered against it, for the same license year, in another action which had just been tried in the district court for Madison county. Plaintiff demurred to this and the demurrer was sustained. After assigning the ruling on this demurrer as error and discussing it at some length, appellant says, "but, inasmuch as the verdict is less than $5,000, we do not urge it in this case." This will be treated as a waiver of the assignment and it will not be further discussed.

The court in stating the issues to the jury literally copied the pleadings. Complaint is made of this form of stating the issues, and we are cited to *Hutchinson v. Western Bridge & Construction Co.*, 97 Neb. 439, where the court said: "We are again moved to criticise the practice of copying the pleadings in full as a method of stating the issues to the jury. * * * A clear, concise and terse statement of the issues is much to be preferred to the involved legal verbiage often found in formal pleadings, and is much more easily apprehended."

Appellants argue that, by copying the language of the petition, the court fixed the term of expectancy as alleged in the petition and withdrew that question from the jury. We think, however, that the instruction is not susceptible of that construction. The prejudice, if any, is not sufficient to call for a reversal, but the language used in

*Hutchinson v. Western Bridge & Construction Co., supra,*
is quoted because it points out a better practice than that
followed by the trial court.

Complaint is made of other instructions, phrases and
paragraphs being singled out for criticism; but, when the
whole charge is read together, it does not seem subject to
the criticisms made.    Taken as a whole, the instructions
are plain, explicit, and so framed that a man of common
knowledge and ordinary understanding can have no diffi-
culty in understanding them.    It is a well-settled rule that
instructions are to be considered together, and if when so
considered they properly state the law, they are sufficient.

Appellants urge with much force and logic that the
petition does not state a cause of action, and that the court
erred in overruling the demurrer *ore tenus.*    The point
sought to be made is that section 3859, Rev. St. 1913,
under which the action was brought, was not designed to
give plaintiff a right of action against the defendants;
that the party who procures liquor from a liquor dealer,
becomes intoxicated, and suffers injury, has no cause of
action for the injury sustained.    This section was first
before the court for construction in *Buckmaster v. Mc-
Elroy,* 20 Neb. 557, and it was held that where the plain-
tiff became intoxicated on liquor furnished by a licensed
dealer, and, because of his intoxication, suffered the loss
of his feet, the dealer was liable.    The instant case is
closely analogous; but counsel undertake to show that the
reasoning of the court does not sustain the opinion, which
was by a divided court.    We do not deem it necessary to
supplement the reasoning in that case.    That was the
interpretation placed on this section of the statute at the
time the defendant saloon-keepers were licensed.    Defend-
ants executed the bonds with knowledge of the interpre-
tation placed upon this section by the court, and are not
in position to insist that it is a harsh rule.

The record is found free from error, and the judgment is
AFFIRMED.

SEDGWICK, J., not sitting.