## STATE v. JOHNSON.

In construing a statute, the whole of it should be considered to-gether, so as, if possible, to give to each part thereof such construction as will render the whole harmonious.

The statute making it unlawful for a saloon keeper to allow a minor to visit or remain in the saloon unless accompanied by his father, mother, or guardian was intended to make criminal the knowingly allowing a minor to either visit or remain in a saloon under any circumstances except as provided by statute, and hence it is not a question of fact for the jury to determine as to the peculiar evils that might surround a particular visit.

Under the statute prohibiting a saloon keeper from allowing a minor to visit or remain in his saloon, a saloon keeper must, if the minor enters without the saloon keeper's knowledge, immediately require the minor to depart.

Under the statute prohibiting a saloon keeper from allowing a minor to visit or remain in his saloon, where a minor, who was a member of a band, entered defendant's saloon with the other members, played two pieces remaining at least 10 minutes, and was treated to liquor, the question whether he visited or remained in the saloon was for the jury.

Under the statute prohibitng a saloon keeper from permitting a minor to visit or remain in the saloon unless accompanied by his father, mother, or guardian, a "guardian" is one occupying under the law that relation to the minor which the law creates between parent and child, or which is created by some order of court, and hence the leader and instructor of a band was not the guardian of minor members thereof.

An information reciting that accused committed a crime on a certain date, alleging that accused being proprietor then and there, of a licensed saloon, did willfully and unlawfully permit a minor to visit the same, etc., sufficiently averred the time when the offense was committed, though the words "then and there" were not again inserted, after the word "did" and before the word "willfully."

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Deuel County. Hon. GEORGE H. MARQUIS, Judge.

Ole Johnson was convicted of crime, and from the judgment and an order denying a new trial he appeals. Affirmed.

*Law & Knight,* for appellant. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *C. A. Meade, State's Attorney,* for the State.

WHITING, J., This cause comes before this court upon an appeal from the verdict and judgment of the trial court finding the

appellant herein guilty of the crime of willfully and unlawfully allowing one Carl Stoltenburg to visit and remain in a licensed sasoon, owned and managed by the appellant; it being charged that the said Stoltenburg was a minor and was not accompanied by his father, mother, or guardian. This appeal is also from an order of the trial court denying the motion for a new trial.

The facts which are shown beyond all dispute by the evidence received are as follows: On the date in question a certain band, of which said Stoltenburg was a member, was engaged to furnish music at a political meeting in the city of Clear Lake in this state. The members of said band all resided in or near a neighboring town. This band had some 16 or 17 members, a large part of whom were boys ranging in age from 14 years up; the said Carl Stoltenburg being 16 years of age. The leader of this band was one Edward Sarver, an adult person. After the political meeting was over with, which meeting was held in the evening, the band got together and visited a certain saloon, other than the appellant's, and played several pieces therein, and from there went into the saloon owned and operated by the appellant, Ole Johnson. Johnson was at the time personally in charge of said saloon. It appears that the band, after entering said saloon, formed in a line and played two pieces, after which they were invited to the bar by Johnson and treated. There is some conflict in evidence as to the class of liquors drank, but under the charge preferred here this is immaterial. It took from 10 to 15 minutes for the band to play the pieces played by them in appellant's saloon, and after this it would appear that the band immediately withdrew from the saloon.

There are numerous assignments of error to be found in the abstract herein, but these can all be considered under certain headings, and are so considered by the appellant in his brief. The appellant claims: That the evidence does not show that Stol- tenburg did in fact "visit in" in the saloon of the defendant; that the evidence does not show that Stoltengurg did in fact "remain in" the saloon of defendant; that the evidence fails to show that Stoltengurg was not "accompanied by his father, mother, or guardian"; that it does show that he was accompanied by his

guardian, to wit, the said Sarver, leader of the band; that, assuming that the facts show a violation of the letter of the law, yet they do not show a violation of the spirit of the law. The defendant assigns as error certain rulings of the court pertaining to the admission and rejection of evidence, as well as its refusal to give certain instructions; but, under our view of the four assignments above referred to, it will be unnecessary to consider such other assignments, and we need only to say that we can see no error in the courts rulings therein.

The appellant strenuously contends that a mere temporary call at a saloon for a purpose such as to furnish music therein, such call standing alone and unrepeated, is not within the intent of our statute forbidding a minor to "visit or remain in" a licensed saloon. Appellant cites certain cases from Texas, which apparently support his contention. We do not know what the full statutory law of Texas is in relation to the sale of intoxicating liquors, but it does appear that their statute, instead of reading "visit or remain in," reads "enter and remain." In construing a statute the whole of the same should be considered together, so as, if possible, to give to each part thereof such construction as will render the whole law harmonious and consistent, the one part with the other. It was held by this court in the case of State v. Barber, the so-called Hetland Case, found in 19 S. D. 1, 101 N. W. 1078, that we have a prohibitory law with local option prohibition. It was also held in State v. Grant, 20 S. D. 164, 105 N. W. 97, that proof that the saloon was open at all on Sunday, without some evidence explaining same, rendered the proprietor thereof guilty under our Sunday closing section of this law. In State v. Schell, 22 S. D. 340, 117 N. W. 505, this court held in relation to keeping saloon open on Sunday that it was absolutely immaterial as to the saloon keeper's intent in opening it, and this court has even held that under provisions of our law the proprietor would be held guilty if his employe opened the saloon without his knowledge and against his express instructions. We must therefore admit that our Legislature, in passing our intoxicating liquor law, recognized to the full extent the evils flowing from the liquor traffic, and it certainly was the purpose of the Legislature to prevent, if possible, the evil

influences found in the saloon from reaching the youth of our state. We could hardly imagine circumstances that would more certainly tend to bring evil to a boy than to permit his attendance in a saloon at a time and under circumstances such as are set forth in this case; but we do not think that it is a question of fact for the jury to determine, as to the peculiar evils that might surround a particular visit. In our view our statute intended to make criminal the knowingly allowing a minor either to visit or remain in a saloon under any circumstances except as provided by statute. We believe that if a saloon keeper sees a person, who is a minor, about to enter his saloon, and does not, if opportunity permits, take steps to try and prevent same, he renders himself liable; and, upon the other hand, if a minor enters the saloon without the knowledge of the parties in charge thereof, that then, as soon as the presence of such minor becomes known to the person in charge of such saloon, it immediately becomes the duty of such person to see that such minor departs from the saloon. Therefore, under the facts in this case, where it appears that this boy was in there at least 10 minutes with the knowledge and without any protest on the part of the defendant, it certainly cannot be held that the boy was not allowed to "remain in" the saloon. Upon the trial of this case it appears that the court submitted to the jury, for it to determine under the facts of the case, whether or not this boy visited or remained in such saloon. This submission of the question to the jury and their verdict thereon is fully supported in Armstrong v. State, 14 Ind. App. 566, 43 N. E. 142.

Appellant contends that Edward Sarver, the instructor and leader of this band, was the guardian of these young men, within the meaning and intent of the statute involved herein. We think there can be no question of what the Legislature meant by this word "guardian," and that they meant a person who occupies under the law that relation to the minor which the natural law creates between the parent and child, or which is created by some order of court, and that it did not mean that any person, who had minors under his care, was by virtue thereof vested with the right, or by the parent could be vested with the right, to take the children of this state into places held by our law to be injurious to

the young of the state. It might as well be said that when a parent sends his child to the public school, or to the Sunday School, he, by such act, vests the superintendent or teacher of such school with the power of a guardian to take his child into places where otherwise the law would forbid the child to enter. To us this proposition seems absurd. The appellant has cited certain Texas cases, but examination reveals the fact that their statute is such as to include not only parent or guardian, but also a "person standing in the place of parent," and the only case cited which is in point was one holding that a stepfather with whom the child resided stood in the place of parent, which we think was good law.

Appellant contends that this case is not within the spirit of the law. We have already called attention to some of the facts surrounding the transaction. It also appeared in evidence that the adults, if none other, drank intoxicating liquors while in there, and under the state's evidence, it appeared that the minors also were treated with intoxicants, and that other boys, not members of the band, were allowed in this saloon during most of the time the band was in there. The testimony of the appellant reveals the fact that he knew these other boys, as well as members of the band, were minors. If admitting a boy into a saloon, under such circumstances and with such things going on while they are in there, is not a breach of the spirit of the law, we are unable to imagine what would be necessary to constitute a breach of this law.

Appellant moved in arrest the judgment, claiming that the information was not sufficient, in that there was no averment as to the time when this offense was committed. The information recited in the first part thereof, that Ole Johnson did commit the crime on the 24th day of February, 1908, and then in the usual form, recited in detail the facts constituting the crime, alleging that he [Johnson], being proprietor, then and there, of a licensed saloon at the place claimed, did willfully and unlawfully allow said Stoltenburg to visit, etc. It is contended that the words "then and there" should have been inserted again after the word "did" and before the word "willfully," and that without those words there is nothing to show when this offense was committed. There is nothing in the appellant's contention. It will be noticed

that the time was first stated specifically, then there is the allega-
tion that he (Ole Johnson), being "then and there" the proprietor,
etc., did do certain things. There can be no question but what it
clearly appears that the word "did" refers to the same time as re-
ferred to by the words "then and there," which clearly and direct-
ly refer to February 24, 1908.

There being no error in the record, the judgment of the trial
court and order denying a new trial are sustained.

HANEY, P. J. (dissenting). In my opinion it does not ap-
pear from the evidence that the minor was allowed "to visit or re-
main in" defendant's place within the meaning of the statute.