## Waller's Admr. v. Collinsworth.

(Decided May 30, 1911.)

### Appeal from Lawrence Circuit Court.

Homicide—Action for Damages—Liability of One, Who, Contrary to Law, sells Intoxicating Liquors Producing Intoxication—A merchant, who, contrary to law sells intoxicating liquors to one who while intoxicated thereby kills another, is not liable in damages for the latter's death.

W. D. O'NEAL, Jr., for appellant.

S. G. KINNER, R. J. BURNS and M. S. BURNS for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On March 31, 1910, Oscar Waller was killed by Ben Blankenship. Thereafter Lindsey G. Waller qualified as administrator of the estate of Oscar Waller and brought this action against J. A. Collinsworth to recover damages for Waller's death. A demurrer was sustained to the petition and amended petition, and the petition dismissed; hence this appeal.

The petition and amended petition charge, in substance, that, on March 31, 1910, J. A. Collinsworth was engaged in the business of selling merchandise; that he had in stock and was selling hard cider and liquor that would, and did produce intoxication. On the day of the homicide Oscar Waller and Ben Blankenship went to appellee's store. They were on good terms when they went there. While in the store appellee wrongfully sold and furnished to them intoxicating drinks, to-wit, hard cider, which they drank in the store in such quantities as to intoxicate them. They left appellee's store in an intoxicated condition. After leaving, Blankenship, as a result of said intoxication, became angry at deceased, Waller, and wrongfully and unlawfully shot and killed him. At the time of the sale appellee had no license to retail liquor, and the local option law was in force in the county. The petition concludes with an allegation to the effect that the wrongful acts of appellee in selling to and furnishing said Blankenship intoxicating drinks, was the proximate cause of said shooting and wounding which resulted in the death of deceased, and that but for said wrongful and unlawful acts of Collinsworth, deceased would not have been killed. Damages were asked in the sum of $10,000.

In many of the States there are special statutes, called "civil damage acts," which give in certain cases a right of action to one injured because of the unlawful sale of intoxicating liquors. In this State we have no such act. The nearest approach thereto is section 1307, which gives to the wife, or the father, or the mother, or the child of such inebriate, a right of action against a person who, after written notice forbidding him to do so, "shall sell, lend, give, procure for, or furnish spirituous, vinous or malt liquors, or any mixture of either, knowingly, to any person who is an inebriate or in the habit of becoming

intoxicated or drunk," etc. Manifestly, this action was not predicated on this statute, and it, therefore, has no application.

Section 241 of the Constitution is as follows:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the personal estate of the deceased person."

Section 6, of the Kentucky Statutes, provides, in part, as follows:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same, and when the act is willful or the negligence is gross, punitive damages may be recovered and the action to recover such damages may be prosecuted by the personal representative of the deceased."

It is solely upon the foregoing provisions of the Constitution and statutes that appellant predicates his right to recover in this action. The argument is made that the sale of the liquor to Blankenship was unlawful, both because the sale was made in local option territory and because Blankenship was a minor; that appellee's wrongful and unlawful act was the cause of Blankenship's intoxication, and that Waller's death was the natural result of the intoxication which appellee had brought about.

The constitutional provision, and the section of the statute enacted in pursuance thereto, make the party guilty of the wrongful act liable only in the event that his wrongful act is the proximate cause of the injury complained of. In the case of Shields, et al. v. Louisville & Nashville R. R. Co., 16 Ky. Law Rep., 849, this court,

in discussing the question of proximate and remote cause, used the following language:

"We find the general doctrine on this subject announced in American and English Encyclopedia, volume 16, page 328, to be that 'it is a maxim that the law looks at the proximate and not at the remote cause of any injury, and that out of the application of this maxim grows the liability or non-liability of a defendant charged with the infliction of an injury by his negligence. Unless the alleged negligence of the defendant was the proximate cause of the injury of which plaintiff com plains, there can be no recovery; for consequences of which his act or omission was only a mere condition or remote cause, the defendant is not liable.' * * *

" 'It follows that to constitute actionable negligence there must not only be a casual connection between the negligence complained of and the injury suffered, but the injury must be by a natural and unbroken sequence (without intervening efficient causes), so that but for the negligence of the defendant the injury would not have occurred; that it must not only be a cause, but the proximate—that is, the direct and immediate—efficient cause of the injury.' "

In every case the inquiry is: Was the injury a natural and probable consequence of the wrongful act, and ought it to have been foreseen in the light of the attending circumstances? In this case the deceased was killed by Blankenship. Appellee's act in selling the liquor was not the efficient cause of the death. Waller would never have been killed had it not been for the intervening act of Blankenship. All that can be said is that appellee's unlawful act produced a condition of mind out of which the killing might have resulted. So many elements may enter into a homicide that it is impossible to say it is the natural result of intoxication. In order to reach such a conclusion, we would have to eliminate entirely all those elements of feeling, of temperament, of disposition, lack of self-control, and of inherent tendency to commit crime, which might, of themselves, have been sufficient to bring about the tragic result, even though the person committing the homicide had not been under the influence of liquor. While it may be true, that many homicides result from intoxication, yet, as a vast majority of the people who drink do not commit murder, the per cent. of

homicides resulting from intoxication is so small that it can not be said that he who sells the liquor that causes the intoxication may reasonably contemplate that murder will follow, and is, therefore, liable in damages for his wrongful act.

As appellant's petition as amended failed to state a cause of action, it follows that the judgment dismissing it must be affirmed, and it is so ordered.