RUDOLPH KRAUS, APPELLANT, V. MAX SCHROEDER ET AL., APPELLEES.

FILED MARCH 25, 1921. No. 21299.

1. Intoxicating Liquors: STATUTORY LIABILITY.    Section 3859, Rev-St. 1913, creates a liability against a licensed vender of intoxicating liquors that did not exist under the common law.

2. ————: LIABILITY FOR INJURIES.    Where one became intoxicated by drinking liquors purchased of a licensed saloon-keeper, and as a consequence of such intoxication became insane, and by reason of the insanity thus produced inflicted injuries upon members of his family and upon himself, the saloon-keeper and his sureties are liable in damages. Rev. St. 1913, sec. 3859.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Reversed.*

*Hall, Baird & Williams* and *Bartos & Bartos,* for appellant.

*T. J. Doyle, John C. Hartigan, Charles H. Sloan* and *P. R. Halligan, contra.*

MORRISSEY, C. J.

This is an action against two saloon-keepers and their surety to recover damages under section 3859, Rev. St. 1913, now repealed. The petition contained the usual allegations as to the business of the saloon-keepers and the execution of their bonds by the defendant surety company. It alleged that prior to the date of the injury complained of plaintiff was in the habit of visiting the saloons and procuring therein large quantities of intoxicating liquors and consuming same; that on February 21, 1917, plaintiff purchased from one of the defendant saloon-keepers "a large quantity of gin, whiskey, beer, and other intoxicating liquors," all of which plaintiff took with him to his home and consumed during that night; that by reason of drinking the intoxicating liquors sold by the defendant saloon-keepers plaintiff became insane, and while so insane shot

and killed his wife and two children; that at the same time, while insane, the plaintiff inflicted wounds upon himself which caused him to become totally and permanently blind. Defendants filed a general denial. At the close of the evidence given by both plaintiff and defendants, on separate motion of each defendant, the court peremptorily instructed the jury to return a verdict for the defendants, and from this order plaintiff appeals.

Plaintiff testifies that from May 1, 1916, to February 20, 1917, he had frequently purchased liquor in the saloon of defendant Pimper, and that during the same period he had frequently purchased liquor in the saloon of defendant Schroeder, and had frequently drank intoxicating liquor in these saloons. February 10, 1917, he claims to have purchased beer and whiskey in defendant Pimper's saloon, and that on February 20, 1917, he drank a pint of whiskey he had purchased from defendant Pimper. In view of the instructions given by the court, it is only necessary to examine the bill of exceptions far enough to ascertain whether the testimony offered by plaintiff was sufficient to make a *prima facie* case on the questions put in issue by the pleadings. It is clear that the testimony is sufficient for that purpose. If we understand the attitude of the defendants, they concede that plaintiff had procured quantities of liquor at the saloons mentioned and had consumed the same, but rely upon the common-law rule that one may not take advantage of his own wrong, and they insist that the evidence brings the case clearly within that rule. If the rule of the common law applies, defendants' contention is probably sound. The statute in question was passed in 1881 and remained in force until May 1, 1917, when our prohibitory enactments became operative. During this long period it was frequently construed by the courts and was uniformly held to create a liability upon those who engaged in the liquor traffic under its provisions, creating a liability that did not exist at the common law. The cases permitting recovery where damage resulted because of the traffic are very numerous, but the first case dealing with the right of one who voluntarily consumed

Kraus v. Schroeder.

intoxicating liquors and suffered an injury as a result thereof to recover from the vender of the liquors is that of *Buckmaster v. McElroy,* 20 Neb. 557. It was there held that one who voluntarily drank intoxicating liquors purchased from a licensed saloon-keeper and as a result of such indulgence suffered injury had a cause of action against the saloon-keeper. It is true that one member of the court dissented from this holding, reasoning, as counsel for appellees now reason, that one ought not to be permitted by his own wrong to create a liability in favor of himself against those participating with him in the wrong. The majority opinion, however, became the guide for the courts of this state and has so remained without any change by legislative enactment. In *Forrest v. Koehn,* 99 Neb. 441, in citing it with approval, the court said: "We do not deem it necessary to supplement the reasoning in that case. That was the interpretation placed on this section of the statute at the time the defendant saloon-keepers were licensed. Defendants executed the bonds with knowledge of the interpretation placed upon this section by the court, and are not in position to insist that it is a harsh rule." After giving full weight to the logical argument advanced in appellees' brief, we are still constrained to adhere to the rule so long in force in this state, a rule known to defendants when they assumed the obligations provided by the statute. It cannot be denied that, had plaintiff fallen from his conveyance on his journey from defendant's saloon to his home, because of his intoxication, and suffered an injury causing blindness, he might recover for the injury. Nor ought it be said that if, because of his intoxicated condition, his wife and children suffered death, upon proving that his intoxicated condition was due to defendants' traffic in intoxicants, he could not recover for the loss. The statute provides: "The person so licensed shall pay all damages that the community or individuals may sustain in consequence of such traffic." The primary question then is: Did plaintiff's damages result from defendants' traffic in intoxi-

cants? It is suggested that years before the date of the tragedy he had purchased a pistol with a view of taking the lives of his wife and children and destroying himself. Appellees reason that the occurrence of February 21, 1917, was but the carrying out of a purpose conceived prior to the date he is said to have become the purchaser of liquor in defendants' saloons. If that be the case, it is for the jury to determine in reaching a conclusion as to whether the injuries complained of resulted from the use of the liquor consumed. If it did not, it follows that the defendants are not liable. But if plaintiff's reason was overthrown by the liquors consumed and by reason of that fact the injuries complained of were sustained, defendants are liable for the injury. *Forrest v. Koehn,* 99 Neb. 441.

For the reasons stated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.