[S. F. No. 14411. In Bank.—April 27, 1932.]

FRED KATZ, Respondent, v. WILLIAM HELBING, Sr.,
et al., Appellants.

Hadsell, Sweet & Ingalls, Redman, Alexander & Bacon, and Herbert Chamberlin for Appellants.

Brobeck, Phleger & Harrison and George O. Bahrs, as *Amici Curiae* in Support of Appellants.

Hubbard and Hubbard for Respondent.

THE COURT.—This is an action for damages for personal injuries. Defendants Helbing were partners engaged in the business of general contracting under the firm name of Helbing Company. They were owners of a piece of land on Sutter Street between Hyde and Leavenworth Streets in San Francisco, on which they were erecting a building. Defendant Isaacs was an independent contractor engaged by them to do certain of the plastering on the building. Pursuant to a city ordinance, the defendant owners obtained a permit from the board of public works to place building materials on the sidewalk. The defendant contractor made a wooden box about eight feet long, five feet wide, and two feet deep, which he placed partly on the sidewalk and partly on the street. The box was used to hold caustic lime delivered on the job already mixed. It was used both by the plastering contractor and the defendant owners, whose employee was in charge of some of the plaster work. On August 25, 1925, after working hours, plaintiff was riding on a street-car past the building. Two boys, twelve years of age, were throwing the lime at street-cars, and one of their missiles struck him in the right eye, causing a severe burn. Ultimately the eye had to be removed.

Plaintiff brought this action against both the owners and the independent contractor. A general demurrer to the complaint was sustained by the lower court, but on appeal, this court held that a cause of action was stated. (*Katz* v. *Helbing*, 205 Cal. 629 [62 A. L. R. 825, 271 Pac. 1062].) Upon the trial, judgment was rendered against defendants in the sum of $30,000 and they appealed to the District Court of Appeal, First Appellate District, Division One. Said court affirmed the judgment except as to the award of damages, which it reduced to $16,000. All parties petitioned for a hearing in this court, which was granted.

The basic principles upon which liability in this case must rest are familiar, and they were carefully considered in the previous decision of this court on demurrer. We there said (205 Cal. 633):

"It must be conceded that building materials are commonly left standing on the sidewalk and border of the street fronting on buildings in the course of construction, and that wet lime and mortar are frequently mixed in boxes placed upon the sidewalk or street area, to be from there carried into the building for use. This practice, under ordinary circumstances, is recognized as lawful by custom and judicial decision. But if experience had demonstrated that the placing of building materials in public streets and sidewalks was likely to be attended by accidents to persons lawfully using said streets and sidewalks, whether by virtue of wrongful acts of interference of young children or otherwise, we might expect to find the matter regulated by statute, and in the absence of statutory prohibitions it would be the duty of courts and juries to declare such conduct wrongful if a reasonably prudent man would have foreseen that injury would probably result, for the acts of a defendant are deemed the proximate cause of such consequences as a reasonably prudent man would anticipate as likely to result therefrom. (*Royal Indemnity Co.* v. *Public Service Corp.*, 42 Cal. App. 628 [183 Pac. 960]; *Polloni* v. *Ryland*, 28 Cal. App. 51 [151 Pac. 296]; *Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534].) Intervening wrongful acts of third persons, but for which injuries complained of would not have been received, ordinarily break the chain of causation, because they are not to be anticipated as prob-

able consequences, but are occasional and exceptional results. But this is not always the case, especially where the acts of children of a nonresponsible age are involved. (See *Parkin* v. *Grayson-Owen Co.*, 25 Cal. App. 269 [143 Pac. 257]; *Cahill* v. *E. B. & A. L. Stone Co.*, 153 Cal. 571 [19 L. R. A. (N. S.) 1094, 96 Pac. 84]; Id., 167 Cal. 126 [138 Pac. 712]; *Faylor* v. *Great Eastern Q. Min. Co.*, 45 Cal. App. 194 [187 Pac. 101].)''

 Tested by these principles, we think the record sufficiently supports the jury's verdict against the defendants. The box containing the lime was on the sidewalk and street, unguarded and practically uncovered. There were no warning signs on or near it, and there was no watchman at the building. The two boys testified that they had played there and had thrown lime at street-cars on several different days prior to August 25th; that other boys had done the same; that they had never been told to stay away from the box; and that they did not know that the material was dangerous. Frederick J. Staeglish, a police officer, testified that on August 20, 1925, a complaint was received from the Market Street Railway Company that small boys were throwing lime from the box in front of this building at street-cars; that he went to the building and communicated this fact to someone there who gave his name as Isaacs, and who he believed was the same man as the defendant Isaacs present in court. It is true that there is some uncertainty in the identification made by the officer, and that he was compelled to refresh his memory by a statement made in the office of plaintiff's attorney shortly after the accident. Considering the fact that about five years had elapsed between that time and the date of the trial, it is not surprising that his testimony was less positive than it might have been at the time he made the statement. Defendant Isaacs denied having received any communication of this sort, but we think that the evidence was properly presented to the jury, and we may assume by their verdict that they placed credence in the testimony of officer Staeglish. In this state of the record it can hardly be denied that under the rule of our prior decision defendant Isaacs at least is clearly liable for the injury to plaintiff.

 In our opinion, however, it is not essential to the liability of any of the defendants that they have had

actual knowledge of the activities of the children. We think there is no doubt that the conduct of the parties who were responsible for allowing this highly dangerous material to remain on the sidewalk uncovered, unguarded, and with no precautions taken to prevent injury to members of the public, was negligent. We think it may also be said that the box with its material was attractive to small boys, and that defendants were charged with notice of the possibility of boys being allured by it and using it in a manner dangerous to others. Even if defendants knew nothing of the acts of the children in the instant case they should have known, both from general experience and from the fact that the children had played with the material for days prior to the accident. Under all of the circumstances the jury might certainly find, as may be implied from the verdict, that the consequences in this case should have been foreseen.

██ It is vigorously contended that defendant owners can in no event be liable, for the reason that defendant Isaacs was an independent contractor. This fact, while unquestioned, is not conclusive. The record shows that the box was not used by Isaacs alone. Some of the plastering was done by an employee directly responsible to defendant owners. The duty to prevent injury from careless handling of the lime box was therefore as much that of the owners as it was of Isaacs and the liability for acts reasonably foreseen rests upon them as well as upon him.

██ The final question is as to the award of damages. This court has, in prior decisions, reduced the amount of damages for loss of an eye to sums considerably below that awarded by the jury in the instant case. We think, however, that the facts here are sufficient to distinguish such decisions. Without reviewing the evidence in detail, it appears that plaintiff underwent numerous operations over a period of months, that he suffered and continues to suffer great pain and annoyance from malodorous secretions which exude from the empty socket of the eye, that the nature of the injury is such that he is unable to wear an artificial eye, and that the aggravating conditions just described are likely to continue throughout his life. Plaintiff is an accountant, and must necessarily suffer a great diminution of professional capacity. These facts, in our opinion, support

the verdict of the jury, and offer no basis for interference on our part.

The judgment is affirmed.

Rehearing denied.