TARWATER *v.* ATLANTA CO., INC.

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

DAVIS, BERKE & JONES, of Chattanooga, for plaintiff in error.

LYNCH, WHITAKER, HALL & ALLISON, of Chattanooga, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the court.

This is a suit to recover damages for personal injuries alleged to have been suffered by plaintiff in error as the result of the negligence of defendant in error. The declaration alleges, in substance, that plaintiff was employed by W. M. Gleaves, a contractor, who had a contract to do a paint job at defendant's place of business; that on February 28, 1938, while the plaintiff and a number of his fellow employees were so employed, the defendant, knowing that these fellow employees were engaged to work on its building, without knowledge of plaintiff, negligently distributed a large quantity of free beer to these fellow employees and they became highly intoxicated; that while plaintiff was standing in defendant's place of business, one of his fellow employees, who had become thus intoxicated, dropped a large plank on plaintiff's arm, causing a fracture of his arm and other injuries. It was further alleged that defendant undertook to take charge of the painting work, and to direct the employees how to do the painting, and allowed the plaintiff's intoxicated fellow employees to remain on the premises in this drunken condition, thereby endangering plaintiff.

Defendant demurred to the declaration upon the following grounds: (1) That the declaration shows on its face that any negligence or wrongful act on the part of the defendant in furnishing free beer to the fellow employees of plaintiff was not the proximate cause of the accident complained of; (2) that the declaration shows that the proximate cause of the accident was the inter-

vening negligent act of one of plaintiff's fellow employees, for whose negligence the defendant cannot be held liable.

The trial judge sustained the demurrer and dismissed the suit. Plaintiff has appealed to this court and assigned the following error:

"The trial court erred in sustaining the demurrer and dismissing the suit because the declaration shows on its face that the furnishing of free beer and the defendant's permitting the employees to work in an intoxicated condition was the proximate cause of the accident."

In a number of states, not including Tennessee, there are special statutes generally called "Civil Damage Laws," which give in certain cases a right of action to one injured because of the furnishing of intoxicating liquor. Such laws create a new right of action unknown to the common law. *Currier* v. *McKee,* 99 Me., 364, 59 A., 442, 3 Ann. Cas., 57; *Spencer* v. *Fisher,* 161 N. C., 116, 76 S. E., 731. And create a liability that did not exist at common law. *Kraus* v. *Schroeder,* 105 Neb., 809, 182 N. W., 364, 367. In *Cruse* v. *Aden,* 127 Ill., 231, 20 N. E., 73, 74, 3 L. R. A., 327, the court said, "It was not a tort at common law to either sell or give intoxicating liquor to 'a strong and able-bodied man,' and it can be said safely that it is not anywhere laid down in the books that such act was even held at common law to be culpable negligence that would impose legal liability for damages upon the vendor or donor of such liquor." In *Belding* v. *Johnson,* 86 Ga., 177, 12 S. E., 304, 305, 11 L. R. A., 53, the court said, "There are many cases in the reports where recoveries have been had against bar-room keepers for injuries arising from the sale of liquor to persons, but all of them, so far as we have ascertained, except the case of *Rommel* v. *Schambacher,* 120 Pa., 579, 11 A. 779 [6 Am. St. Rep., 732], are founded wholly upon special

statutes authorizing recovery for such injuries. In no other state has the right to recover been placed upon common-law principles; and several of the courts, in discusing the question, say that no recovery could be had at common law." The court went on to say that Pennsylvania had a statute upon which the decision in *Rommel v. Schambacher, supra,* could have been predicated.

The defendant's act in furnishing the beer created a situation which afforded an opportunity to plaintiff's fellow employee to intoxicate himself voluntarily, and the voluntary act of the fellow employee was the proximate cause of the injury.

The judgment of the trial court must be affirmed. Plaintiff will pay the costs of the appeal.