V. L. Nicholson Const. Co. *et al. v.* Lane.

*(Knoxville,* September Term, 1940.)

Opinion filed May 17, 1941.

POORE, KRAMER & COX and CHAS. F. PETTWAY, all of Knoxville, for plaintiff in error.

HARTMAN, LOCKWOOD & CARSON, of Knoxville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought to recover damages for personal injuries sustained by the plaintiff when he was run down by an automobile belonging to defendant Construction Company and operated by co-defendant Johnson, an employee of the Construction Company. There was a verdict and judgment for $1,350, which was affirmed by the Court of Appeals.

Johnson was employed by the Construction Company as janitor at its place of business in Knoxville and also drove a truck operated by it when so instructed. On the night of the accident he drove one Merrill, a sort of superintendent or superior employee of the Construction Company, to the latter's home in the company's truck. They reached the Merrill place about five-thirty and Merrill got out and directed Johnson to take the truck back to the company's garage. Merrill lived some three miles from the place of business of the Construction Company and about twenty or twenty-five minutes were required to make the trip from one place to the other.

Apparently Johnson did not go back to the Construction Company's garage. If so, he did not remain there. He returned to the city, got drunk, and about 9 o'clock, driving the truck, he ran into and damaged a vehicle parked on the side of the street, and then ran over the plaintiff and knocked the latter down at a street crossing.

There is abundant evidence that Johnson operated the truck negligently and that he was drunk. The question of plaintiff's contributory negligence was submitted to the jury and resolved in his favor.

The proof shows very clearly that Johnson was addicted to drink. The superintendent, Merrill, above mentioned, testified that Johnson would get drunk at night and was repeatedly late for work, the next morning. Merrill himself had twice reprimanded Johnson about his habits.

There is proof in the record that Nicholson himself, the head of the company, investigating the accidents, admitted that Johnson had given him trouble about his drinking, that he had put up with him as long as he could and would then discharge him.

There is no question, therefore, about defendant Construction Company's knowledge of Johnson's weakness for intoxicating liquor and of his habit of getting drunk. It is insisted for defendant that Johnson had not previously been guilty of drinking at times when he was put in charge of the truck, that his drinking was done at night, and that defendant Construction Company had no reason to believe that he would get drunk on the evening that he was directed to take this truck from Merrill's to the garage.

██ The officers of the Construction Company, however, were fully advised of Johnson's propensities, that he did get drunk, that he was addicted to the use of liquor, and they were not justified in assuming that he would remain sober merely because the truck was put in his charge.

The great weight of authority is that an owner who entrusts his automobile to an individual addicted to habits of intoxication is liable for damage caused by such

individual becoming intoxicated and operating the automobile negligently while in that condition. This is true although the particular individual happened to be sober when the automobile was turned over to him.

In *Crowell* v. *Duncan,* 145 Va. 489, 134 S. E. 576, 582, 50 A. L. R. 1425, the court expressed itself thus:

"Incompetence, recklessness, and accident are so universally the sequel of drinking that an owner of an automobile is put on notice of what is likely to occur if he does not take active steps to prevent any one addicted to drinking from driving it. If he fails in the performance of this duty, he should suffer the consequences of his neglect."

To the same effect is *Levy* v. *McMullen,* 169 Miss., 659, 152 So. 899; *Brady* v. *B. & B. Ice Co.,* 242 Ky., 138, 45 S. W. (2d), 1051; *Worsham Buick Co.* v. *Isaacs* (Tex. Civ. App.), 56 S. W. (2d), 288, and other cases collected in 5 Blashfield's Cyclopedia of Automobile Law, Permanent Edition, Sec. 2927. See, also, Berry on Automobiles (7th Ed.), Sec. 4406.

A case or two cited by the text referred to is to the contrary.

Other matters are satisfactorily disposed of by the Court of Appeals, and the petition for the writ of *certiorari* is denied.