# R. J. REYNOLDS TOBACCO CO. v. NEWBY et al.

## No. 11137.

Circuit Court of Appeals, Ninth Circuit.

Feb. 28, 1946.

---

E. B. Smith, of Boise, Idaho, and A. L. Merrill and R. D. Merrill, both of Pocatello, Idaho, for appellant.

Glenn A. Coughlan, of Montpelier, Idaho, and B. W. Davis, of Pocatello, Idaho, for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This case involves a claim for damages for wrongful death growing out of the overturn of an automobile owned by appellant and driven by its employee, Hair. On a former appeal, Reynolds Tobacco Co. et al. v. Newby, 9 Cir., 145 F.2d 768, we reversed a judgment against appellant and its district supervisor, Donnelly, and remanded the cause for a new trial. On the second trial there was a verdict and judgment against appellant alone.

A number of the points now argued were discussed in the former opinion and decided adversely to appellant. There is no need to go over them again. Enough to say that we find nothing in the present record to upset the holdings on these points. Accordingly we pass at once to a consideration of such new matters as the appeal presents.

1. The former judgment was reversed because of error committed in submitting to the jury the alternative issue of appellant's negligence in retaining in its employ an allegedly reckless and incompetent driver. We thought there was error in admitting evidence of a specific act of reckless driving on Hair's part, knowledge of which was not brought home to appellant; and we held the remaining evidence too equivocal to warrant a verdict for the complainants on this issue. At the second trial there was evidence not only of prior known recklessness and drunken driving on the part of the employee, but also a substantial showing that the employee bore in this respect an unfavorable reputation of which appellant was fairly chargeable with knowledge. On the amplified showing the court again submitted to the jury the issue of liability predicated on the retention of the driver in appellant's service.

The court's action in submitting the issue has warrant in the evidence and finds general support in the authorities. Cf. Southern Pacific Co. v. Hetzer, 10 Cir., 135 F. 272, 1 L.R.A.,N.S., 288; Department of Water and Power of City of Los Angeles v. Anderson, 9 Cir., 95 F.2d 577; V. L. Nicholson Const. Co. v. Lane, 177

Tenn. 440, 150 S.W.2d 1069; Crowell v. Duncan, 145 Va. 489, 134 S.E. 576, 50 A.L.R. 1425; Crockett v. United States, 4 Cir., 116 F.2d 646. It is complained that the testimony touching Hair's reputation as a driver came solely from peace officers, but no reason is suggested for believing that the witnesses were rendered incompetent by their calling. The testimony concerned Hair's reputation among the members of the general public, with which repute the officers professed to be familiar. Its weight was for the jury.

■ 2. On the first trial the jury returned a verdict in the amount of $7,500 against all three defendants, including Hair. The latter did not appeal, and judgment on the verdict became final as against him. The verdict returned against appellant on the second trial was for $30,000 and judgment was entered in that sum. It is contended that if appellant is to be held liable in damages solely because of Hair's negligence, as distinguished from its own negligence in retaining Hair in its employ, the liability can in no event exceed the amount for which judgment was rendered against Hair. The jury, appellant says, should have been so instructed. A number of authorities are cited in support of the proposition that where the liability of an employer to a third person is purely derivative, that is, dependent on the principle of respondeat superior, a judgment on the merits against the agent or servant, insofar as it fixes the maximum of liability, is res judicata in favor of the employer. Cf., for example, Freeman on Judgments, 5th ed., § 469.

The Idaho rule appears to be otherwise, and of necessity, this being a case in which jurisdiction rests only on diversity of citizenship, the local rule is controlling. In Judd v. Oregon Short Line R. Co., 55 Idaho 461, 44 P.2d 291, 298, which was an action in tort against the railroad company and its locomotive engineer growing out of a crossing accident, verdicts were rendered against the engineer in the sum of one dollar and against the railroad company in the sum of $15,720. The railroad company, as the court recognized, was liable, if at all, only for the negligence of its engineer. Notwithstanding the disparity in the amounts awarded the court affirmed the judgment against the principal. "Although," said the court, "the jury found that the engineer was guilty of negligence, it is not at all surprising if they concluded that, since what he was doing was for the master and could not profit him in any way beyond his wages, it would be only fair for his employer to pay whatever damages had resulted from the negligent acts committed." The objection based on the inconsistency of the awards was thought to afford no grounds for disturbing the verdict rendered against either of the tortfeasors. The court relied on its earlier holding to similar effect in Strickfaden v. Greencreek Highway Dist. 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057. Appellant claims that the latter case did not necessarily involve derivative liability, but we are not able to agree. Certainly, the principle for which appellant contends finds no support in the Idaho decisions.

■ 3. The court gave a general instruction outlining the subject of ordinary negligence in the use of the highways, and appellant argues that the charge had the effect of confusing the jury as to the real issue to be determined. However, we are satisfied from a study of the instructions as a whole that the jury was not misled. The court quoted the Idaho guest statute,[1] informed the jury that appellees' decedent had the status of a gratuitous guest at the time of her injury, and that the statute governed the case on all its facts. In short, the cause was submitted by the court and presented to the jury by both sides on the theory that there could be no recovery unless the jury found that the proof of negligence or misconduct on the part of Hair was such as to bring the case within the terms of the guest statute. Under these circumstances, the error complained of was not of such prejudicial nature as to require a reversal.

Other points of minor consequence are argued, but they are of insufficient merit to justify discussion.

Affirmed.

[1] For the terms of the guest statute, § 48-901, Idaho Code 1932, as amended in 1939, Laws 1939, c. 160, consult our former opinion in 145 F.2d 768, 770.