[Civ. No. 19948. Second Dist., Div. One. May 18, 1954.]

JESSIE C. McINTYRE, Appellant, v. DOE & ROE et al., Defendants; FOX WEST COAST THEATRES CORPORATION et al., Respondents.

A. J. O'Connor and George J. Hider for Appellant.

James V. Brewer for Respondents.

DRAPEAU, J.—Plaintiff, Jessie C. McIntyre, was standing in the ticket line in the lobby of the La Mar Theatre in Manhattan Beach. It was about 2 o'clock on a Sunday afternoon. The theatre doors had not been opened.

Boys and girls were playing in the lobby. A boy who was there testified: "Well, he (the manager) came out and he said that we should stop pushing and running around and yelling and playing sort of tag around the box office as somebody might get hurt."

Asked what the manager did then, the boy said, "Then he went back in."

Then the boy told what happened to Mrs. McIntyre: "Well, I was over there by the curb and after he went back in they started running around and pushing and these two boys started to play a game of tag around the box office and one of them bumped Mrs. McIntyre and she fell down."

For a woman of Mrs. McIntyre's age—82 at the time of the trial—this accident had serious consequences. Her hip was broken, and she was in the hospital for weeks, and in bed at home for months, attended by a nurse.

Mrs. McIntyre brought this action for damages against the owners of the theatre and the manager. She appeals from a judgment rendered against her upon findings by the judge of the trial court that defendants were not negligent.

It is plaintiff's theory that defendants knew, or by the exercise of reasonable care should have known, of the acts of the youngsters, but that defendants nevertheless carelessly and negligently continued to operate the theatre, and

failed and neglected to protect plaintiff in her enjoyment of the invitation they had given her to attend the theatre. In short, plaintiff's appeal is based upon the ground that the finding of nonnegligence of the defendants is not supported by the evidence, and that upon the evidence the findings and judgment should have been in her favor.

Plaintiff relies upon the case of *Katz* v. *Helbing,* 215 Cal. 449 [10 P.2d 1001]. In that case a man who was riding on a streetcar in San Francisco lost an eye. Boys were throwing quicklime at passing cars. They had scooped the lime out of a box left by defendants on the sidewalk. One of the missiles hit Mr. Katz in the eye.

In that case the basic principle involving negligence when the acts of children are the cause of injury are stated: "It would be the duty of courts and juries to declare such conduct wrongful (leaving the lime exposed in the street) if a reasonably prudent man would have foreseen that injury would probably result." And where children are the actors their intervening wrongful acts "do not necessarily break the chain of causation."

But the problem for decision in this case was one of fact. Were defendants negligent? Was that negligence, if any, the proximate cause of plaintiff's injuries? It is to be presumed that counsel for plaintiff argued the rules in the Katz case to the trial judge as forcefully as they have been argued to this court, and that the trial judge had them in mind when he made his decision.

In this case the trial judge determined that defendants were not negligent. Even if this court were of the opinion that that determination was wrong, it would not have the power to substitute its deductions for those of the trial court. For, as has so often been said, when opposing inferences may reasonably be drawn from the facts in a case, the findings of the trial court will not be set aside. (*Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689]; *Estate of Teel,* 25 Cal.2d 520 [154 P.2d 384]; *Jackson* v. *Burke,* 124 Cal.App. 2d 519 [269 P.2d 137].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.