Filed 12/13/17 ; pub. & mod order 1/12/18 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SALOMON G. MARTINEZ, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DEPARTMENT OF HEALTH CARE SERVICES, <br><br> Claimant and Respondent. | 2d Civil No.B278117 <br> (Super. Ct. No. 56-2015-00470820-CU-MM-VTA) <br> (Ventura County) |

The California Department of Health Care Services (Department) moved to determine the amount of a Medi-Cal lien on the settlement of plaintiff's medical malpractice action. (Welf. & Inst. Code, § 14124.76, subd. (a)[1].) The trial court determined the amount of the lien to be $39,004.41. Plaintiff appeals. We reduce the amount of the lien by 25 percent for statutory attorney fees. (§ 14124.72, subd. (d).) In all other respects, we affirm.

FACTS

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

Salomon G. Martinez was a victim of medical malpractice. A doctor failed to properly treat an infection. As a result, Martinez was required to undergo surgery and suffered permanent injury. He applied for and received $86,676.46 in Medi-Cal payments to repair the damage caused by the negligent doctor.

Martinez sued the doctor and settled for $150,000. The settlement did not apportion the amount between medical expenses and other damages. The Department sent Martinez's counsel notice of a Medi-Cal lien in the amount of $86,676.46.

Martinez and the Department attempted to negotiate the amount of the lien without success. The Department brought a motion requesting that the trial court determine the amount of the lien.

The trial court determined the value of Martinez's case by adding $250,000, the maximum amount of noneconomic damages allowed under the Medical Injury Compensation Reform Act (MICRA) (Civ. Code, § 3333.2), to the $86,676.46 in medical costs, for a total of $336,676.46.

The trial court then calculated that the $150,000 settlement represented 45 percent of the $366,676.46 value of the case. The court awarded the Department 45 percent of its $86,676.46 claim; that is, $39,004.41.

DISCUSSION

I

Martinez contends the trial court erred in determining the value of his case.

Martinez argues the actual value of his case was $3 million, including $171,000, representing the original hospital billing for medical treatment; $300,000 for lost future wages, calculated at

2

minimum wage for the 16 years remaining in his work life; and $2.5 million in general damages for loss of use of his left leg, scarring and disability.

Section 14124.76, subdivision (a) provides in part, "Recovery of the director's lien from an injured beneficiary's action or claim is limited to that portion of a settlement . . . that represents payment for medical expenses, or medical care, provided on behalf of the beneficiary." The section also provides that absent an advance agreement with the director as to what portion of a settlement represents payment for medical expenses, the parties may seek resolution of the matter by motion in the trial court. Section 14124.76, subdivision (a) continues: "In determining what portion of a settlement, judgment, or award represents payment for medical expenses, or medical care, provided on behalf of the beneficiary and as to what the appropriate reimbursement amount to the director should be, the court shall be guided by the United States Supreme Court decision in *Arkansas Department of Health and Human Services v. Ahlborn* (2006) 547 U.S. 268 [(*Ahlborn*)] and other relevant statutory and case law."

In *Ahlborn*, the United States Supreme Court held that the entire settlement is not subject to Medicaid reimbursement, but only to that portion of the settlement attributable to medical benefits. (*Ahlborn, supra*, 547 U.S. at p. 282.) *Ahlborn*, however, does not mandate a particular formula for allocating medical benefits where the settlement makes no such allocation. Instead, the allocation must be made on the basis of a "rational approach." (*Bolanos v. Superior Court* (2008) 169 Cal.App.4th 744, 754.)

Here, in evaluating Martinez's case, the trial court limited Martinez's noneconomic damages to $250,000. That is the

3

maximum allowed under MICRA.  (Civ. Code, § 3333.2, subd. (b).)
Martinez's claim that the court erred in not valuing his
noneconomic damages at $2.5 million is unsupportable.
Crediting Martinez with more in noneconomic damages than he
could possibly have recovered is not a rational approach required
by *Ahlborn*.

Nor would it be reasonable to credit Martinez with the
$171,000 amount of the hospital bill instead of the $86,676.46
actually paid.  The Department's lien is based on the amount
actually paid, not the hospital bill.

Martinez argues that the trial court erred in not crediting
him with $300,000 in lost wages.  The amount is based on the
minimum wage during the remaining 16 years of Martinez's work
life.  The court found there is no evidence of lost earnings.

Loss of earning capacity may be an element of plaintiff's
damages.  (*Licudine v. Cedars-Sinai Medical Center* (2016) 3
Cal.App.5th 881, 892.)  But the plaintiff is entitled to recover
such damages only if he proves he is reasonably certain to suffer
a loss of future earnings.  (*Ibid*.)  A trier of fact may draw the
inference that plaintiff has suffered a loss of earning capacity
from the nature of the injury, but it is not required to draw that
inference.  (*Id*. at pp. 892-893.)  Proof of plaintiff's prior earnings,
while relevant to demonstrate earning capacity, is not a
prerequisite for an award of such damages.  (*Id*. at p. 893.)

Martinez relies on the rule that he need not show a work
history to prove loss of earning capacity.  That is true enough.
But he is required to show some proof of a loss of earning
capacity.  (*Licudine v. Cedars-Sinai Medical Center*, *supra*, 3
Cal.App.5th at p. 892.)  Some people lack the capacity to earn
even minimum wage.  In fact, there is evidence in the record that

4

Martinez suffered from a number of preexisting medical conditions that raises doubt about his earning capacity. Here, Martinez points to no credible evidence that he lost any earning capacity.

Martinez argues the trial court erred in failing to reduce the amount of the lien by 25 percent for attorney fees as required by section 14124.72, subdivision (d). The Department concedes the point. The lien is reduced by 25 percent to $29,253.31.

Martinez raises a number of points for the first time in his reply brief. We do not consider points raised by appellant for the first time in his reply brief. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 723, p. 790.)

The amount of the Department's lien is reduced to $29,253.31. In all other respects, the judgment (order) is affirmed. The parties are to bear their own costs.


GILBERT, P. J.

We concur:


YEGAN, J.


TANGEMAN, J.


5

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____

Zinder, Koch & McBratney and Kevin H. Park, for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Julie Weng-Gutierrez, Senior Assistant Attorney General, Jennifer M. Kim, Supervising Deputy Attorney General, and Malinda Lee, Deputy Attorney General, for Claimant and Respondent.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SALOMON G. MARTINEZ,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF HEALTH CARE SERVICES,<br><br>   Claimant and Respondent. | 2d Civil No.B278117<br>(Super. Ct. No. 56-2015-00470820-CU-MM-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on December 13, 2017, be modified as follows:

1.  On page 1, the following two paragraphs are to be inserted at the beginning of the opinion:

In *Arkansas Dept. of Health and Human Servs. v. Ahlborn* (2006) 547 U.S. 268 (*Ahlborn*), the Supreme Court held that a state's lien on a Medicaid recipient's tort settlement is limited to the recipient's medical costs.

Here we hold that where a tort settlement in a medical malpractice case does not allocate between medical and noneconomic costs, the noneconomic damages may not exceed $250,000, the maximum allowed under the Medical Injury Compensation Reform Act (MICRA) (Civ. Code, § 3333.2).

2. On page 2, fourth paragraph, lines 3-4, "Medical Injury Compensation Reform Act (MICRA) (Civ. Code, § 3333.2)" is changed to "MICRA."

3. On page 3, first full paragraph, line 6, the words "with the director as to what" are replaced with the words "with the director concerning what …."

4. On page 3, in the last sentence of the first full paragraph, "*Arkansas Department of Health and Human Services v. Ahlborn* (2006) 547 U.S. 268 [(*Ahlborn*)]" is changed to "*Alhborn, supra,* 547 U.S.268."

The opinion in the above-entitled matter filed on December 13, 2017, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.