Filed 10/22/20; Modified and certified for publication 11/20/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| TRIYAR HOSPITALITY MANAGEMENT, LLC, <br><br>    Plaintiff; <br><br> STEVEN YARI et al., <br><br>    Appellants, <br><br> v. <br><br> WSI (II) - HWP, LLC, <br><br>    Defendant and Respondent. | 2d Civ. No. B301158 <br> (Super. Ct. No. 56-2015-00462600-CU-BC-VTA) <br> (Ventura County) |

     This is an appeal from an order amending a judgment to add alter ego judgment debtors.  We affirm.

FACTS

*Underlying Litigation*

     Triyar Hospitality Management, LLC (Triyar) entered into a contract to purchase a hotel property from WSI (II) – HWP,

LLC (WSI) for $39 million. The purchase contract was expressly subject to a hotel management agreement in favor of Hyatt Corporation (Hyatt). The purchase contract gave Triyar a period in which to investigate the purchase. Unknown to Triyar, during this period Hyatt's operating agreement terminated when it failed to exercise an option to renew. Triyar decided not to go forward with the purchase and allowed the purchase contract to expire by its own terms. After the purchase contract expired, Triyar learned that Hyatt's management agreement had terminated. Triyar claimed that Hyatt's management agreement was so burdensome that its termination increased the value of the hotel property by $11 million.

Triyar sued WSI for causes of action including fraud and specific performance. Triyar dismissed the other causes of action and only the action for specific performance went to trial.

The trial court found that WSI had not breached the contract. Triyar's failure to learn of the Hyatt agreement's termination was due to Triyar's fault in failing to conduct a sufficient investigation. The court gave judgment to WSI. Pursuant to an attorney fee clause in the purchase agreement, the court awarded WSI $2,172,615 in attorney fees and costs.

Triyar appealed. We affirmed the judgment. (*Triyar Hospitality Management, LLC v. WSI (II) – HWP, LLC* (Jan. 15, 2019, B276243) [nonpub. opn.].) After the appeal, the trial court awarded an additional $193,273.20 in fees and costs. WSI has been unable to collect any amount of the judgment.

*Motion to Amend Judgment*

WSI made a motion to amend the judgment to add brothers Steven Yari and Shawn Yari (collectively "the Yaris") to the judgment. The Yaris own and control Triyar, as well as a

2

number of other entities through which the Yaris conduct business. Many of these entities contain "Triyar" in their names.

In the underlying specific performance action, Triyar had to prove it had the financial ability to complete the purchase. (*Gaggero v. Yura* (2003) 108 Cal.App.4th 884, 890.) Triyar itself lacked that ability. Steven Yari testified that his family had the cash on hand to complete the purchase even, if necessary, in the absence of financing. The Yaris introduced their personal financial statements, as well as the financial statements of a number of entities owned and controlled by the Yari family. The statements showed the Yari family and the entities they own and control had over $52 million in available cash. Steven Yari testified that included in the family funds was his and his brother's "personal cash." Steven Yari testified that these funds were available to make the purchase and that he approved the transaction to close with family funds.

When asked about his ability to withdraw cash from family entities, Steven Yari said, "It's not as formal as, you know, having to abide by some operating [document] — these are family entities that — and once again, we borrow from these family entities quiet often and repay." (Emphasis omitted.)

All of the Yaris' entities have the same address. Triyar and other Yaris-controlled entities have employees in common.

Triyar has received funds for managing hotel properties. But those funds have been paid over to other Yaris-controlled properties.

The Yaris personally funded the underlying litigation against WSI. They do not contest that they were virtually represented in that action.

*Ruling*

The trial court found that Triyar is not capitalized for buying major hotels. Thus, finding the Yaris to be alter egos is a fair outcome.

The trial court also found that even if the alter ego doctrine does not strictly apply, the inequities are such that an exception can be made.

The trial court ordered that the judgment be amended to add the Yaris as judgment debtors.

DISCUSSION

I.

*Standard of Review*

The Yaris concede that the trial court's findings of fact are reviewed under the substantial evidence rule. Under the substantial evidence rule, we review the evidence in a light most favorable to the judgment or order. (*Estate of McPherson* (1949) 94 Cal.App.2d 906, 909.) We discard evidence unfavorable to the prevailing party as not having sufficient verity to be accepted by the trier of fact. (*GHK Associates v. Mayer Group, Inc.* (1990) 224 Cal.App.3d 856, 872.) Where the trial court or jury has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable. (*McIntyre v. Doe & Roe* (1954) 125 Cal.App.2d 285, 287.) The trier of fact is not required to believe even uncontradicted evidence. (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1028.)

The Yaris contend, however, that in the application of the facts to the law, the standard of review is de novo. But is it well settled that the standard of review of an order amending the judgment adding alter ego parties is abuse of discretion.

4

(*Relentless Air Racing, LLC v. Airborne Turbine Ltd. Partnership* (2013) 222 Cal.App.4th 811, 815 (*Relentless*).

In any event, the question whether the standard of review is de novo or abuse of discretion is academic in this case.  Under either standard, the result is the same.

## II.

### *Alter Egos*

Code of Civil Procedure section 187 gives the trial court the discretion to create its own reasonable procedure in the exercise of its jurisdiction where the law provides no specific procedure. The authority provided to the courts by Code of Civil Procedure section 187 includes the power to add a judgment debtor where a person or entity is an alter ego of the original judgment debtor. (*Dow Jones Co. v. Avenel* (1984) 151 Cal.App.3d 144, 148.)  In doing so, the court is amending the judgment to add the real judgment debtor.  (*Id*. at p. 149.)  In order to prevail in a motion to add judgment debtors, WSI must show that 1) the parties to be added as judgment debtors had control of the underlying litigation and were virtually represented in that proceeding; 2) there is such a unity of interest and ownership that the separate personalities of the entity and the owners no longer exist; and 3) an inequitable result will follow if the acts are treated as those of the entity alone.  (*Relentless, supra*, 222 Cal.App.4th at pp. 815-816.)

### *(1) Virtual Representation*

The Yaris concede that they had control of the underlying litigation and were virtually represented in that proceeding. They challenge only the second and third elements.

5

*(2) Unity of Interest and Ownership*

The Yaris own and control Triyar. During the underlying litigation, they made it abundantly clear that they could fund Triyar or not as they please. They were willing and able to use their own money to fund the purchase if necessary. The trial court could reasonably conclude from Steven Yari's testimony that the Yaris had complete control over the hotel purchase transaction from beginning to end, including the litigation that resulted in the judgment against Triyar. There is simply no significant difference between the Yaris and Triyar.

The Yaris argue the evidence shows that Triyar is an entity separate from themselves. They acknowledge that our review of the trial court's findings of fact is under the substantial evidence test. Yet their argument is based on nothing more than a view of the evidence in a light most favorable to themselves. The Yaris' attempt to portray Triyar as a fully independent business entity is belied by Steven Yari's testimony: "It's not as formal as, you know, having to abide by some operating [document] — there are family entities that — once again, we borrow from these family entities quite often and repay." (Emphasis omitted.)

Steven Yari's testimony shows the Yaris were willing and able to disregard corporate formalities in order to purchase the hotel. Steven Yari made it clear that the Yaris could freely transfer funds among their legal entities and commingle their own funds with the funds of their entities to accomplish whatever purpose they wish. (See *Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 512-513 [alter ego finding supported by disregard of legal formalities, failure to maintain an arm's-length relationship among legal entities, manipulation of assets, and commingling of funds].)

The Yaris argue that infusing a legal entity with capital does not make them alter egos of that entity. (Citing *Erkenbrecher v. Grant* (1921) 187 Cal. 7, 10-11.) But no one is suggesting the Yaris are alter egos of Triyar because they infused it with capital. In fact, it is undisputed that the Yaris never infused Triyar with capital. That is the problem. Triyar has never had sufficient capital to purchase the hotel, or, for that matter, to pay the judgment. An important factor in imposing alter ego liability is that a legal entity is so undercapitalized that it is likely to have no sufficient assets to meet its debts. (*Automotriz Del Golfo de California S. A. de C. V. v. Resnick* (1957) 47 Cal.2d 792, 796-797.) That is the case here.

The Yaris argue that they never held themselves out to be personally liable for Triyar's debts. But they agreed to do exactly that. Steven Yari testified that if necessary the Yaris' "personal cash" would be among the assets available to purchase the hotel.

There is overwhelming evidence of a unity of interest and ownership such that the separate personalities of the entity and the owners do not exist.

### (3) Inequitable Result

The Yaris contend the required unjust result is missing.

The Yaris argue that there must be some conduct amounting to bad faith that makes it inequitable to hide behind the corporate form. (Citing *Leek v. Cooper* (2011) 194 Cal.App.4th 399, 418.) We rejected that argument in *Relentless*. All the moving party is required to prove is that the alter ego's acts caused an inequitable result. (*Relentless, supra*, 222 Cal.App.4th at p. 816.) In *Relentless*, we said: "As long as Airborne is the sole judgment debtor, it is highly unlikely it will ever have assets with which to satisfy the judgment. Given the

7

trial court's finding that the Fultons, Airborne, ATI, and Paradise are one and the same, it would be inequitable as a matter of law to preclude Relentless from collecting its judgment by treating Airborne as a separate entity." (*Ibid*.)

Similarly, here, as long as Triyar is the sole judgment debtor, it is highly unlikely it will ever have assets to satisfy the judgment. Given that the trial court found Triyar and the Yaris are one and the same, it would be inequitable to preclude WSI from collecting its judgment by treating Triyar as a separate entity.

Moreover, the equities for imposing alter ego liability here are even stronger than in *Relentless*. Here the Yaris represented that they would be personally liable for Triyar's debt relating to the hotel purchase. Now that the bill has come due, they should not be able to avoid that responsibility.

The Yaris' reliance on *Leek v. Cooper*, *supra*, 194 Cal.App.4th 399 is misplaced. In *Leek*, plaintiffs made a pre-trial motion to amend their complaint to add alter ego defendants. The trial court denied the motion. The Court of Appeal affirmed, stating, "In short, there is nothing to indicate that plaintiffs, if successful against the corporation, will not be able to collect on any judgment against the corporation. Absent such evidence, plaintiffs cannot show that the result will be inequitable, and have not stated the second element of an alter ego claim. The trial court acted within its discretion when it denied the motion to amend." (*Id*. at p. 418.) Here there is every reason to believe WSI will not be able to collect its judgment against Triyar.

The Yaris' counsel succinctly summarized the inequities in this case. The trial court stated: "We know what would have happened if the purchase went through, the money would have

8

been forthcoming.  Is this money going to be forthcoming?"  The Yaris' counsel replied, "They did agree to personally be on the hook for the [$]39 million but not for the attorney's fees."

DISPOSITION

The judgment (order) is affirmed.  Costs are awarded to respondent.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

Vincent J. O'Neill, Jr., Judge

Superior Court County of Ventura

_____


Horvitz & Levy, David M. Axelrad, S. Thomas Todd, Scott Dixler; Loeb & Loeb, David A. Grossman and Benjamin R. King for Appellants Steven Yari and Shawn Yari.

Stroock & Stroock & Lavan, Julia B. Strickland, John R. Loftus, David W. Moon and Ali Fesharaki for Defendant and Respondent WSI (II) – HWP, LLC.

Filed 11/20/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| TRIYAR HOSPITALITY MANAGEMENT, LLC,<br><br>    Plaintiff;<br><br>STEVEN YARI et al.,<br><br>    Appellants,<br><br>v.<br><br>WSI (II) - HWP, LLC,<br><br>    Defendant and Respondent. | 2d Civ. No. B301158<br>(Super. Ct. No. 56-2015-00462600-CU-BC-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on October 22, 2020, be modified as follows

1.  On page 1, the following paragraph is inserted as the first paragraph in the opinion:

There are numerous ways in which an LLC or corporation is undercapitalized. Here, wealthy principals of an LLC withdraw or add money at will.

This enviable position does not allow the LLC to become undercapitalized when its shareholders intend to avoid liability.

2.  On page 1, in the first line under FACTS – *Underlying Litigation*, the words "entered into" are deleted and the word "signed" is inserted in its place.

3. On Page 2, near the bottom of the page, in the first line under *Motion to Amend Judgment*, the words "made a motion" are deleted and the word "moved" is inserted in it place.

4.  On page 2, in the third line under *Motion to Amend Judgment*, the words "as well as" are deleted and the word "and" is inserted in its place.

5.  On page 5, in the middle of the paragraph under *Alter Egos*, the words "In order" are deleted, so the sentence begins, "To prevail in a motion …"

There is no change in the judgment

The opinion in the above-entitled matter filed on October 22, 2020, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

GILBERT, P.J.          PERREN, J.          TANGEMAN, J.

2