Filed 11/14/23  Juarez v. B & S Plastics CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LILIANA JUAREZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>B & S PLASTICS, INC.,<br><br>    Defendant and Respondent. | 2d Civ. No. B318909<br>(Super. Ct. No. 56-2018-00515511)<br>(Ventura County) |

Plaintiff brought this action against her former employer under the California Fair Employment and Housing Act (FEHA) (Gov. Code,[1] § 12900 et seq.) alleging unlawful employment practices in terminating her employment based on disability. The jury found for plaintiff's employer.  We affirm the ensuing judgment.

_____

[1] All statutory references are to the Government Code unless otherwise stated.

FACTS

B & S Plastics, Inc., doing business as Waterway Plastics (B&S), manufactures plastic parts for agricultural and pool use. It employs approximately 700 workers. Liliana Juarez worked at B&S as an assembler from July 18, 2017, to November 9, 2017.

B&S has a leave policy that is included in a packet given to all new employees. The leave policy provided:

"Employees who request a Leave of Absence must have more than one year of employment with the company to be eligible for leave. The request must be made to the immediate supervisor who will complete the Leave of Absence Request Form and submit it to H.R. A copy of the approved or denied form will be returned to the employee.

"An employee with less than one year of employment will be considered as a resignation with eligibility for rehire with supervisor approval." (Boldface omitted.)

Juarez testified she had problems with her digestive system that caused her great pain. On November 6, 2017, she went to the hospital emergency room because of the pain. She called her supervisor, Sergio Chico, to let him know and he excused her from work. She had surgery on November 7, 2017. She called Chico to let him know she was still in the hospital. She was released from the hospital on November 8, 2017. She called Chico on November 8, 2017, and told him she needed two weeks off because of the surgery.

Juarez testified she had emergency surgery in her stomach area. It was not elective surgery that could be scheduled in advance. She said the surgery interfered with her ability to work and do normal things.

During the less than four months Juarez worked at B&S, she called in sick nine times. When Juarez called Chico on November 8, 2017, Chico told Juarez that she had no sick days left and, per the leave policy, she had to resign. B&S processed her employment termination as a resignation effective November 9, 2017.

Juarez and her husband went to B&S on November 13, 2017, and brought a doctor's note. Juarez did not speak with Chico personally. Chico said he did not see the note until shortly before his deposition in this case.

The doctor's note dated November 8, 2017, stated: "Please excuse Ms. Liliana Juarez from work for up to two weeks. Ms. Juarez has undergone surgery at our facility and would benefit from recovery at home. If you have any questions, please call . . . ."

The doctor's note was not admitted into evidence for the truth of the statements made therein. It was admitted only as evidence that B&S had notice of Juarez's claim. The jury was instructed accordingly.

Chico wrote "disabled" on her payroll status change form. He testified he wrote disabled because she told him she was disabled, not because he believed she was disabled.

Damages

(a) Economic Damages

Juarez admitted she had not worked since B&S terminated her employment and had only applied for one job. She said she had to care for her five children. She also said she did not apply for jobs because she might have to disclose that B&S terminated her. But she admitted she was terminated by her prior employer and did not disclose the prior termination when she applied to

3

B&S.  When asked if she was claiming lost wages for the past four years, she answered no.  When asked what she was claiming, her counsel objected that the question infringes on attorney-client and work product privileges.

(b) Noneconomic Damages

Juarez testified at trial that her anxiety, emotional distress, and fears were related to B&S.  But in her deposition, she said she has anxiety and headaches, but she does not know if they are related to B&S.  At trial she admitted that her deposition testimony was truthful.

Procedure

Juarez filed a complaint against B&S alleging disability discrimination, retaliation, failure to prevent discrimination and retaliation, failure to provide reasonable accommodations, failure to engage in a good faith interactive process under FEHA, wrongful termination in violation of public policy, and declaratory relief.

The jury returned a general verdict in favor of B&S.

DISCUSSION

I

*FEHA*

Section 12940, subdivision (a)(1), provides that it is unlawful for an employer to discriminate in the terms, conditions, or privileges of employment on the basis of physical disability, unless because of the disability the employee is unable to perform the employee's essential duties with reasonable accommodation.  Section 12940, subdivision (n), provides that an employer must "engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations,

4

if any, in response to a request for reasonable accommodation by an employee . . . with a known physical . . . disability . . . ."

FEHA covers not only actual disabilities, but also perceived disabilities. (§ 12926.1, subd. (b).) A perceived disability is a mental or physical condition or adverse genetic information that is regarded or treated by the *employer* as a disability. (Cal. Code Regs., tit. 2, § 11065(d)(5)(A).)

## II

### *Disability Within the Meaning of FEHA*

The purpose of FEHA is to protect employees who have long-term disabilities. (See, e.g., § 12926, subd. (i)(1), (2) ["medical condition" means (1) health impairment related to cancer; (2) genetic characteristics].) It is not a substitute for an employer's sick leave policy. (See § 12945.2, subd. (a) [mandating medical leave only for employees with more than 12 months and at least 1,250 hours of service with the employer].) A short-term illness is not a disability; it is simply life. Almost everyone has had brief illnesses that caused an absence from work.

Because FEHA is based on the federal Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. § 12101 et seq.) and other federal law, decisions interpreting federal antidiscrimination laws are relevant in interpreting FEHA's similar provisions. (*Brundage v. Hahn* (1997) 57 Cal.App.4th 228, 235.) Federal cases hold that a temporary injury with only minimal residual effects is not a disability. (*Sanders v. Arneson Products, Inc.* (1996) 91 F.3d 1351, 1354.) Even a four-month absence from work does not qualify as a disability. (*Ibid.*)

Juarez told Chico she did not feel well and had to go to the hospital. She called in sick on two subsequent days; then she told Chico she needed two more weeks to recover. There was no

5

evidence she had any residual effects. The evidence shows Juarez had only a brief illness, not a disability.

In any event, even if Juarez's brief illness could qualify as a disability, the jury rejected her claim.

III

*Substantial Evidence*

Juarez contends the verdict is not supported by substantial evidence.

Juarez misapprehends the substantial evidence rule. In viewing the evidence, we look only to the evidence supporting the prevailing party. (*GHK Associates v. Mayer Group, Inc.* (1990) 224 Cal.App.3d 856, 872.) We discard evidence unfavorable to the prevailing party as not having sufficient verity to be accepted by the trier of fact. (*Ibid.*) Where the trial court or jury has drawn reasonable inferences from the evidence, we have no power to draw different inferences even though different inferences may also be reasonable. (*McIntyre v. Doe & Doe* (1954) 125 Cal.App.2d 285, 287.) The trier of fact is not required to believe even uncontradicted testimony. (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1028.)

As plaintiff, Juarez had the burden of proof. (*Nadaf-Rahrov v. Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 977.) Where, as here, there is a general verdict in favor of the defendant, the plaintiff cannot prevail on a claim that the verdict is not supported by substantial evidence. It is the lack of credible evidence that supports a verdict in favor of the defendant. Under the substantial evidence rule, we must treat all of plaintiff's evidence as having been rejected by the jury for lack of sufficient verity.

Moreover, Juarez gave the jury reason to doubt her credibility.

(a) Disability Testimony

Juarez testified she was disabled. But that was the only evidence of a disability. She produced no expert testimony, no hospital records, nothing to support her own inexpert testimony that she was disabled. Her doctor's note was not admitted for the truth of the matter stated there. In any event the note did not say she was disabled. It stated only that she would "benefit from recovery at home." Nor was there a perceived disability. Chico testified he wrote "disabled" on her payroll document because Juarez told him she was, not because he believed she was disabled. Under the substantial evidence rule, we must conclude the jury believed Chico. Indeed, it appears the only information he had that she was disabled was her word.

Lack of foundation was not the only flaw in Juarez's testimony. On cross-examination, B&S's counsel elicited numerous instances of conflict between Juarez's responses to discovery and her testimony at trial. She gave such responses at trial as, "Perhaps I answered that, but that's not the truth," or simply admitted that her prior statements were false. It appears the cross-examination damaged Juarez's credibility. Juarez's credibility was not assisted by her admission that she did not list her previous employer on her application with B&S because her previous employer terminated her employment.

Juarez argues that the evidence here was undisputed, and that we can make our own de novo determination as a matter of law based on the undisputed evidence. But B&S vigorously disputed Juarez's claim of disability. Juarez's credibility was a question for the jury, not for this court on appeal.

(b)  Damages Testimony

Juarez presented no credible evidence of damages.  Her counsel argued the jury should award her back pay for the four years between her termination from B&S and trial.  But there was no evidence to support the argument.  In fact, Juarez testified she was not seeking four years' back pay.  When asked what her claim was, her counsel objected, and neither party pursued the matter further.  That suggests it is highly unlikely she would have kept her job for four years had B&S not terminated her in November 2017.

As to noneconomic damages, Juarez admitted she did not know if her anxiety and headaches were related to her employment at B&S.  That does not carry her burden of proof by a preponderance of the evidence.

III

Juarez contends B&S failed to engage in the interactive process and provide reasonable accommodation.

The contention presumes the jury found Juarez was disabled.  On appeal, we presume the jury made all findings in support of the general verdict.  (*Philpott v. Mitchell* (1963) 219 Cal.App.2d 244, 255.)  We presume the jury found Juarez was not disabled.

IV

Juarez contends the trial court's response to the jury's question constitutes reversible error.

During deliberations, the jury asked, "Is company policy of requiring 12 months of service before mel. [*sic*] leave is granted legal?  Or not?  What is the law regarding that?"

The trial court replied:

"As a general rule, employers in California may establish their own policies with respect to medical leave; however, in some circumstances the rules may be different with respect to employees who have a disability or who are perceived by the employer as having a disability.  Please refer to the instructions I provided you earlier for more information.

"The rules concerning employees with actual or perceived disabilities when applicable are not affected by how long the employee has been employed by the employer."

Juarez does not complain that the trial court's response to the jury's question was in any way inaccurate.  Instead, her complaint appears to be that the court's answer led the jury away from considering whether the three days' leave B&S granted Juarez was a reasonable accommodation for her disability.  But the jury did not ask about reasonable accommodation.  The court properly answered the question the jury asked, not the question Juarez wished the jury had asked.  In fact, the court's response was favorable to Juarez.  It told the jury that B&S's leave policy does not apply if Juarez is disabled.  The verdict shows the jury found Juarez was not disabled.

Juarez claims the jury's question shows beyond a reasonable doubt that the jury failed to appreciate B&S accommodated Juarez with three days' medical leave under FEHA.  The question shows nothing of the sort.  The jury was unlikely to conclude that the three days' leave was an accommodation under FEHA.  There is no evidence B&S had notice during those three days that Juarez was claiming she is disabled and seeking accommodations.  She simply phoned in sick day by day.

Moreover, if the jury failed to focus on the three-day leave as an accommodation under FEHA, it was probably because Juarez failed to raise the issue at trial. Juarez's counsel's argument to the jury was entirely bereft of any reference to the three-day leave as an accommodation under FEHA. Counsel argued only that B&S's refusal to grant Juarez two weeks to recover from surgery was a failure to grant her a reasonable accommodation for her disability.

As to why the jury asked the question about the legality of B&S's leave policy, it was most likely because Juarez's counsel during argument to the jury constantly referred to B&S's leave policy as an illegal policy.

V

Juarez contends the trial court erred in refusing to give her requested special jury instructions.

Juarez argues the trial court erred in refusing to give special instructions 3, 4, 6, 7, 8, and 9. Her opening brief does not supply the substance of those proposed instructions, only their numbers. Nor does Juarez's opening brief provide any elucidation on why it was error to refuse the instructions. She only provides the conclusory statement that the proposed instructions are nonargumentative, essential to the theory of her case, and supported by substantial evidence. We need not discuss such conclusory claims of error on appeal. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Juarez's effort to make up in her reply brief for the inadequacy of her argument in her opening brief is unavailing. We do not consider points raised for the first time in the reply brief. (*Martinez v. State Dept. of Health Care Services* (2017) 19 Cal.App.5th 370, 375.)

10

Finally, if the trial court erred in refusing to give any of the special instructions, Juarez fails to show prejudice. The trial court gave the appropriate Judicial Council of California Jury Instructions.

The California jury instructions approved by the Judicial Council are the official instructions for use in state courts. (Cal. Rules of Court, rule 2.1050(a).) The goal of the instructions is to improve the quality of jury decision-making by accurately stating the law in a way that is understandable to the average juror. (*Ibid.*) The use of Judicial Council instructions is strongly encouraged. (*Id.*, rule 2.1050(f).)

Juarez points to nothing so unique about her case that special jury instructions are required. The problem with Juarez's case was not the lack of special jury instructions, it was the lack of Juarez's credibility.

DISPOSITION

The judgment is affirmed. Costs are awarded to respondent.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.                    CODY, J.

11

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Employee Justice Legal Group, Kaveh S. Elihu, Victor R. Ujkic and Steven Berkowitz for Plaintiff and Appellant.

McCarthy & Kroes, R. Chris Kroes and Linda Elias-Wheelock for Defendant and Respondent.