Filed 1/3/25; Modified and Certified for Pub. 1/30/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ELECTION INTEGRITY PROJECT CALIFORNIA, INC. et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> MARK A. LUNN, as Ventura County Clerk-Recorder, etc., <br><br> Defendant and Respondent. | 2d Civ. No. B333507 <br> (Super. Ct. No. 56-2020-00540781-CU-MC-VTA) <br> (Ventura County) |

The Election Integrity Project California, Inc. (EIPC) brought an action for declaratory relief against Mark A. Lunn, the Ventura County Clerk-Recorder, Registrar of Voters.  EIPC observers of vote-by-mail ballot processing and counting contend they were denied their rights under Election Code[1] section 15105.  They claim that Lunn restricted the observers to places where

---

[1] All statutory references are to the Election Code.

they could not adequately observe the vote by mail processing and counting.  The trial court found for Lunn.  We affirm.

FACTS

Lunn is responsible for administering all elections held in Ventura County.  Among Lunn's responsibilities is to ensure that election observers can observe the processing of vote-by-mail return envelopes and ballots, while preventing the possibility of an observer tampering with the ballots.

Lunn required the observers to remain in designated areas while observing the election process.  Photographs show the areas marked off in tape.  Lunn personally stood in every designated observation area and determined for himself that the areas were sufficiently close to allow observers to see the process and whether the election workers were following established procedures.

Martin Cobos is the election division's operation's manager.  Cobos went into each observation area while the election process was taking place and confirmed that the designated areas were sufficiently close to allow observers to observe the process.

DISCUSSION

*I. Mootness*

Lunn points out that EIPC's declaratory relief action concerns the 2020 and 2021 elections.  He argues declaratory relief is a prospective remedy, and not a vehicle to address past alleged wrongs.  (Citing *Orcilla v. Big Sur, Inc.* (2016) 244 Cal.App.4th 982, 1014.)  But the issues involved here — the rights of the election observers and the integrity of elections — are of continuing public interest.  Where the issues involved in an appeal are of continuing public interest, we may decide the appeal even where the appeal might technically be moot.

(*Chantiles v. Lake Forest II Master Homeowners Assn.* (1995) 37 Cal.App.4th 914, 921.)

### II. Standard of Review

EIPC correctly states the standard of review is whether the judgment is supported by substantial evidence. (Citing *Crawford v. Southern Pacific Co.* (1935) 3 Cal.2d 427, 429.) Here, there is substantial evidence in abundance.

In viewing the evidence, we look only to the evidence supporting the prevailing party. (*GHK Associates v. Mayer Group, Inc.* (1990) 224 Cal.App.3d 856, 872.) We discard evidence unfavorable to the prevailing party as not having sufficient verity to be accepted by the trier of fact. (*Ibid.*) Where the trial court or jury has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable. (*McIntyre v. Doe & Roe* (1954) 125 Cal.App.2d 285, 287.) The trier of fact is not required to believe even uncontradicted testimony. (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1028.)

### III. The Scope of Section 15104 Was Correctly Construed

EIPC contends the trial court misconstrued the scope of section 15104.

Section 15104 provides:

"(a) The processing of vote by mail ballot return envelopes, and the processing and counting of vote by mail ballots, shall be open to the public, both prior to and after the election.

"(b) A member of the county grand jury, and at least one member each of the Republican county central committee, the Democratic county central committee, and of any other party with a candidate on the ballot, and any other interested organization, shall be permitted to observe and challenge the

3

manner in which the vote by mail ballots are handled, from the processing of vote by mail ballot return envelopes through the counting and disposition of the ballots.

"(c) The elections official shall notify vote by mail voter observers and the public at least 48 hours in advance of the dates, times, and places where vote by mail ballots will be processed and counted.

"(d) [V]ote by mail voter observers shall be allowed sufficiently close access to enable them to observe the vote by mail ballot return envelopes and the signatures thereon and challenge whether those individuals handling vote by mail ballots are following established procedures, including all of the following: [¶] (1) Verifying signatures on the vote by mail ballot return envelopes by comparing them to voter registration information. [¶] (2) Duplicating accurately damaged or defective ballots. [¶] (3) Securing vote by mail ballots to prevent tampering with them before they are counted on election day.

"(e) A vote by mail voter observer shall not interfere with the orderly processing of vote by mail ballot return envelopes or the processing and counting of vote by mail ballots, including the touching or handling of the ballots."

EIPC attempts to prove its point by taking a single sentence from the statement of decision. It presents the sentence as if it represents the ultimate or only finding of the trial court. It does not. The court stated: "There is no language in any of these sections which authorizes election observers to challenge decisions by an election worker nor is there language that can be reasonably interpreted as giving an election observer standing to challenge the decision of an election worker."

4

EIPC argues section 15104 governs more procedures than signature verification.  But nowhere in the statement of decision does the trial court say that signature verification is the only procedure governed by section 15104.  On appeal EIPC argues that it does not claim an observer has standing to challenge the decision of an election worker.  But that is what EIPC claimed at trial.  The trial court was simply responding to that claim.

After five days of trial, the trial court was well aware of all of the procedures governed by section 15104.  The court's statement of decision concluded, "[T]he procedures of [Lunn] in his role as elections supervisor for the County of Ventura are statutorily compliant.  They allow an observer to effectively observe established vote counting procedures."  The finding is not limited to the signature verification procedures.  It encompasses all of the procedures.

*IV. Section 15104, Subdivision (d)*

EIPC contends the trial court misconstrued the meaning and scope of section 15104, subdivision (d).

Section 15104, subdivision (d) provides in part: "[V]ote by mail voter observers shall be allowed sufficiently close access to enable them to observe the vote by mail ballot return envelopes and the signatures thereon and challenge whether those individuals handling vote by mail ballots are following established procedures . . . ."

The trial court found:  "The observer is there to ensure that the elections worker is following '. . . established procedures . . . .' Here, that means that the elections worker is doing what he or she is supposed to be doing, i.e. comparing signatures so as to validate the vote-by-mail submission by a voter.  The procedures in place and being examined in this case allow for that.  The

5

observer can see that two signatures came up on the worker's screen and the worker either found a match, or made a finding that there was not a match. Those are the '**procedures**,' and that is what the election worker is doing. That is what the observer is allowed to observe, and that is all they are allowed to observe in their role as an observer."

Section 15104, subdivision (d) requires no more than what the trial court found. In apparent recognition that the express words of section 15104, subdivision (d) require no more, EIPC relies on the legislative summary of Assembly Bill No. 1573. The summary states in part: "[Observers] must be allowed to observe the comparison of a signature on the [vote-by-mail] ballot envelope with the signature on that voter's affidavit of registration."

It is difficult to discern what point EIPC is trying to make. If it is trying to assert that the observers must be close enough to be able to compare the signatures themselves, it provides no support for the argument. First, the words of the subdivision prevail over the summary. Second, not even the summary requires what EIPC says it does. The summary says only that the observers must be close enough to "observe the comparison," that is, observe that the comparison is being made by election workers. The summary does not say that the observers themselves must be able to make the comparison. Had the Legislature intended that observers must be close enough to be able to make the comparison themselves, it would have said so.

*V. Trial Court Properly Weighed the Evidence*

EIPC contends the trial court did not weigh the evidence.

On appeal we presume the trial court proceeded correctly. (*Wilkison v. Wiederkehr* (2002) 101 Cal.App.4th 822, 827.) To

overcome that presumption, the record must affirmatively show the trial court failed to weigh the evidence.  (*Kemp Bros. Construction, Inc. v. Titan Electric Corp.* (2007) 146 Cal.App.4th 1474, 1477.)  There is nothing in the record that shows the trial court failed to properly weigh the evidence.

EIPC characterizes the evidence in its favor as undisputed. Even if that were true, the trial court may reject even undisputed evidence as lacking sufficient verity.  (*Sprague v. Equifax, Inc.*, *supra*, 166 Cal.App.3d at p. 1028.)  There is nothing in the record that shows the trial court did not fully consider and weigh all EIPC's evidence before rejecting it.

### *VI. 48-Hour Notice*

EIPC contends section 15104, subdivision (c) requires 48-hour notice of the dates, times, and places when and where each individual step in the vote-by-mail process will take place.

Nothing in section 15104, subdivision (c) requires notice of the time and place for each individual step in the process.  A general notice of the dates, times, and places where the vote by mail ballots will be processed and counted is all the subdivision requires.

### DISPOSITION

The judgment is affirmed.  Costs are awarded to Respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.          CODY, J.


7

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Advocates For Faith & Freedom, Robert H. Tyler, Julianne Fleischer; Gondeiro Law and Mariah R. Gondeiro; Law Office of Robroy R. Fawcett and Robroy R. Fawcett, for Plaintiffs and Appellants.

Tiffany N. North, County Counsel, Matthew A. Smith and Jason T. Canger, Assistant County Counsel, for Defendant and Respondent.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ELECTION INTEGRITY PROJECT CALIFORNIA, INC. et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> MARK A. LUNN, as Ventura County Clerk-Recorder, etc., <br><br> Defendant and Respondent. | 2d Civ. No. B333507 <br> (Super. Ct. No. 56-2020-00540781-CU-MC-VTA) <br> (Ventura County) <br><br> ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION <br><br> [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on January 3, 2025, be modified as follows:

1. On page 1, the following paragraph is inserted to become the new opening paragraph, before the paragraph beginning, "The Election Integrity Project California, Inc. (EIPC) . . .":

    The California Election Code makes provisions for those who wish to observe election workers processing and counting mail in votes. The observers must be sufficiently close to the election workers to do so. Here we determine

"sufficiently close" does not mean breathing down the necks of the election workers.

There is no change in the judgment.

The opinion in the above-entitled matter filed on January 3, 2025, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

---

GILBERT, P. J.        BALTODANO, J.        CODY, J.

10